IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**,

**Plaintiff,**

**v.**

**ANDREA R. FIELDS,**

**Defendant.**                               No. 10-30066-DRH

**MEMORANDUM and ORDER**

**HERNDON, Chief Judge**:

### I. Introduction and Background

Pending before the Court are defendant Fields' August 8, 2011 motion to dismiss indictment (Doc. 67) and August 8, 2011 motion to continue trial proceeding (Doc. 68). Fields argues that the indictment should be dismissed as she did not distribute the heroin to Roth as alleged. Specifically, Fields argues that she did not purchase the drugs nor did she facilitate the purchase of the drugs. The government opposes both motions (Docs. 71 & 72). Based on the following, the Court denies both motions.

On April 21, 2010, the grand jury returned a one count indictment against Scott T. Weldon and Fields charging them with distribution of heroin resulting in death in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Doc. 1). On April 26, 2010, Fields was arraigned and pleaded not guilty to the charges (Doc. 11). The Court set

the matter for jury trial on June 22, 2010. Also that day, Magistrate Judge Donald G. Wilkerson entered the Order for Pretrial and Discover and Inspection (Doc. 15).[1] Thereafter, on April 28, 2010, Magistrate Judge Wilkerson held a detention hearing and ordered Fields detained (Doc. 19).

On June 14, 2010, the Court granted Weldon's motion to continue trial to allow Weldon additional time to conduct plea negotiations (Doc. 26). The continuance applied to both defendants and the Court continued the trial to August 23, 2010. On July 6, 2010, the Court granted Fields' motion to appoint an expert to explore the causation of the death of David Roth (Doc. 30). Thereafter, the Court again granted Fields' motion to continue as to both defendants to allow Fields additional time to prepare for trial and set this matter for trial on October 12, 2010 (Doc. 32). On September 30, 2010, Weldon filed another motion to continue trial stating that he intends to plead but that he needs additional time to resolve issues with counsel and to investigate. (Doc. 36).[2] On October 1, 2010, the Court granted the motion to continue as to both defendants and set this matter for trial on January 18, 2011 (Doc. 37). On December 21, 2010, the Court granted another motion to continue

---

[1] That Order provided, *inter alia*, that: "In the event a party desires to file any other motion, the motion shall be supported by a brief or memorandum of law and shall be filed within twenty-one (21) days of the arraignment. The opposing party shall have fourteen (14) from the date of the filing of the motion to reply supported by a brief or memorandum of law." Obviously, the motion to dismiss indictment was not filed within the time frame provided by the Court's Order.
supported by a brief or memorandum of law.

[2] Defendant Weldon's motion stated that Fields' counsel consented to the motion to continue.

filed by Weldon and continued the trial to March 7, 2011 (Doc. 41).[3]

On January 23, 2011, Fields filed a motion for bill of particulars (Doc. 42). On February 17, 2011, Weldon filed another motion to continue to which Fields did not object (Doc. 44). The Court granted the motion and continued the trial to May 2, 2011 (Doc. 45). On February 18, 2011, the Court denied Fields' motion for bill of particulars (Doc. 46). On March 9, 2011, the Court granted Fields' request for preparation of a presentence report prior to the finding of guilt or entry of guilty plea (Doc. 48). Thereafter, on April 26, 2011, the Court granted Fields' motion to continue to allow her additional time to review and examine her options and continued the case to July 5, 2011 (Doc. 52). On May 5, 2011, Weldon entered into a plea agreement and pleaded guilty to the charges in the indictment (Docs. 55, 56 & 59). On June 28, 2011, Fields filed another motion to continue stating that she needs additional time to proceed toward disposition, including time to prepare pretrial motions or plea agreement (Doc. 64). Fields' motion also stated that she did not intend to seek any further continuance in this case. The next day, the Court, based on the reasons stated in Fields' motion to continue, granted the motion to continue and continued the case to August 22, 2011 (Doc. 65).

On August 8, 2011, two weeks before the trial date, Fields filed a motion to dismiss indictment (Doc. 67) and a motion to continue trial (Doc. 68). The next day, the government filed its oppositions to both motions (Docs. 71 & 72). As the Court

---

[3]Weldon's motion again stated that Fields' counsel consented to the motion to continue.

agrees with the government, the Court denies the motions.

## II. <u>**Analysis**</u>

Federal Rule of Criminal Procedure 7(c)(1) requires that an indictment contain a "plain, concise and definite written statement of the essential facts constituting the offense charged." The Seventh Circuit has held that an indictment meets the requirements of Rule 7(c)(1) if it: (1) contains the elements of the offense charged; (2) fairly informs the defendants of the nature of the charge against him; and (3) enables the defendant to plead the judgment as a bar to later prosecution for the same offense. *See United States v. Moore,* 446 F.3d 671, 676-77 (7th Cir. 2006). The test for validity of an indictment is not whether it could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards. *Id.* (*citing United States v. Allender,* 62 F.3d 909, 914 (7th Cir. 1995)). In analyzing the sufficiency of an indictment, the court reads the indictment in its entirety. *United States v. Hoag,* 823 F.2d 1123, 1126 (7th Cir. 1987)**)** and refrains from reading a count in a hypertechnical manner. *United States v. McNeese,* 901 F.2d 585, 602 (7th Cir. 1990). "After all, '[t]he defendant's constitutional right is to know the offense with which he is charged, not to know the details of how it will be proved.' *United States v. Kendall,* 665 F.2d 126, 135 (7th Cir.1981) (citing *United States v. Freeman,* 619 F.2d 1112, 1118 (5th Cir.1980)). Once the elements of the crime have been specified, an indictment need only provide enough factual information to enable the defendants to identify the conduct on which the government intends to base its

case." *United States v. Fassnacht,* 332 F.3d 440, 446 (7th Cir. 2003).

Here, the indictment reads as follows:

"On or about January 22, 2010, in St. Clair County, within the Southern District of Illinois, **SCOTT T. WELDON and ANDREA R. FIELDS**, defendants herein, did knowingly and intentionally distribute a controlled substance, *to wit*: heroin, a Schedule I Controlled Substance, to David L. Roth.
The Grand jury further charges that David L. Roth died as a result of the use of heroin, a Schedule I Controlled Substance, which defendants Scott T. Weldon and Andrea R. Fields had distributed and dispensed to him.
In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

Upon careful consideration, the Court finds that the indictment is sufficient to apprise Fields of the charges against her. Fields is charged with distribution of heroin resulting in the death of David L. Roth, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(c). The indictment clearly sets forth the elements of the offense. Moreover, Fields, in her motion to dismiss, seemingly admits to the charges in the indictment: that she injected the heroin in herself, Roth and Weldon.[4] Injecting the drug is the transfer of the drug which constitutes distribution of the drug. Thus, by reason of the adequate allegations in the indictment and the statement in the motion, the Court finds that dismissal of the indictment is not warranted.

Lastly, the Court denies Fields' motion to continue. As stated in its lengthy recitation of the background of this case, this matter has been continued too many times to count. Additionally, the Court allowed defendant to hire an expert and

---

[4]"Nevertheless, Fields never possessed the drugs she is alleged to have distributed other than by injecting herself, Roth and Weldon." (Doc. 67, ¶ 7)

approved the preparation of the presentence investigation report prior to the finding of guilt (both unusual practices). Clearly, the Court has indulged the parties' various requests throughout this case. The Court finds that Fields has had ample time to weigh her options and to prepare for trial. Thus, the Court denies the motion to continue trial. There can be no surprises or reasons for lack of preparation at this point in time. Each side is clear on the theory of the other side.

### III.  Conclusion

Accordingly, the Court **DENIES** the motion to dismiss indictment and the motion to continue trial. This matter is **SET** for trial August 22, 2011, at 9:00 a.m.

**IT IS SO ORDERED.**

Signed this 10th day of August, 2011.

David R. Herndon
2011.08.10
11:48:19 -05'00'

**Chief Judge**
**United States District Court**